UNITED STATES DISTRICT COURT

NEW JERSEY DISTRICT COURT

| | |
|---|---|
| JODI KREPPEL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiff,<br>v.<br><br>JO-ANN STORES, LLC,<br><br>　　　　Defendant. | Case No. _____<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff JODI KREPPEL ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations based on her personal knowledge of her own acts and, otherwise, upon information and belief including based on investigation of counsel.

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action to redress the unlawful commercial practices employed by Defendant Jo-Ann Stores, LLC, in negligently and/or willfully contacting Plaintiff on Plaintiff's cell phone, via text messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and thereby invading Plaintiff's privacy. Specifically, Defendant has repeatedly sent commercial text messages to Plaintiff despite an express demand that Defendant stop doing so; indeed, the unwanted texts continue unabated to this day. As detailed herein, this conduct amounts to a clear, ongoing, and unequivocal violation of the TCPA. Accordingly, Defendant is liable to Plaintiff for substantial monetary penalties.

**PARTIES**

2. Plaintiff Jodi Kreppel is an individual adult resident and citizen of Ocean County, New Jersey. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

3. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Jo-Ann Stores, LLC, is an Ohio limited liability company with its principal place of business located at 5555 Darrow Road, Hudson, Ohio 44236. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a "person" as defined by 47 U.S.C. § 153(38), and that Defendant, at all times relevant, conducted business in the State of New Jersey and in Ocean County.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. (47 U.S.C. § 227(b); *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 745-753 (2012).)

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because, Defendant does business in this District; because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and because Plaintiff is a resident of Ocean County, New Jersey, which falls within the District of New Jersey.

## FACTUAL ALLEGATIONS

A. **Background of the TCPA**

6. The purpose of the TCPA is to protect consumers from unwanted calls and text messages like those received by Plaintiff from Defendant. Indeed: "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." (*Mims, supra,* 132 S.Ct. at 744.) In enacting the TCPA, Congress found that "banning such automated or prerecorded telephone calls to the

home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." (TCPA, Pub.L No. 102-243, § 11.)

7. The courts and the Federal Communications Commission ("FCC") have interpreted the TCPA to include unwanted text messages within its prohibitions. (*See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950-954 (9th Cir. 2009); *Kristensen v. Credit Payment Services,* 12 F.Supp.3d 1292, 1300 (D. Nev. 2014).) In its Declaratory Ruling and Order issued on July 10, 2015, the FCC clarified that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA. (Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961, 8016-8022 (July 10, 2015).)

8. In the same ruling and order, the FCC clarified how a consumer may revoke consent to continue to receive calls, including text messages. (*Id.,* 30 FCC Rcd. at 7993-7999.) The FCC ruled that "[c]onsumers have a right to revoke consent, using ***any reasonable method including orally or in writing.***" (*Id.,* 30 FCC Rcd. at 7996; emphasis added.) In this connection, the FCC determined that "callers," including Defendant here, "may not control consumers' ability to revoke consent" by "designat[ing] the exclusive means by which consumers must revoke consent." (*Id.*)

9. The elements of a cause of action under TCPA are "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's

prior express consent and/or after the recipient had withdrawn consent." (*Mendez v. C-Two Group, Inc.,* 2015 WL 8477487, at *7 (N.D. Cal. Dec. 10, 2015) (quoting *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012)).)

10. A consumer may recover $500 in statutory damages for each violation of TCPA, and $1500 for violations that are proved to be willful. (*See* 47 U.S.C. § 227(b)(3), (c)(5)(B); *Bayat v. Bank of the West,* 2015 WL 1744342, at *2 (N.D. Cal. Apr. 15, 2015); *Kristensen, supra,* 12 F.Supp.3d at 1308; *Lary v. Trinity Physician Financial & Insurance Services,* 780 F.3d 1101, 1106-1107 (11th Cir. 2015) (treble damages available with showing that defendant knew of violation of TCPA).)

11. Defendant refuses to acknowledge the FCC's ruling that consumers may "revoke consent using any reasonable method" and refuses to comply with the FCC's prohibition that Defendants cannot "designate the exclusive means by which consumers must revoke consent." Specifically, Defendant has designated a single, unreasonably restrictive, means by which a consumer may revoke consent to receive unwanted text messages – specifically, Defendant contends that consumers may only withdraw their consent to receive text messages by sending the word "STOP" to Defendant.

B. **Facts of Plaintiff's Claims Against Defendant**

12. In December 2016, Plaintiff consented to receive automated commercial text messages from Defendant. Defendant placed these text messages using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, including Plaintiff's, using a random or sequential number generator.

4

13. Later, Plaintiff withdrew consent to receive further commercial texts and notified Defendant to stop sending her commercial text messages – multiple times – each time using a reasonable method. For example, Plaintiff instructed Defendant by text: (1) *"I told you no more messages. Thank you!"* (2) *"I told you I don't want any more messages"* and *(3) "You need to stop sending me messages now! Thank you!"*

14. Notwithstanding Plaintiff's unequivocal demand that such text messages cease, Defendant refused to stop sending texts to Plaintiff, claiming that the only way that Plaintiff could withdraw her consent to receive unwanted texts from Defendant was to text "STOP" to Defendant.

15. Defendant's conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B).

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all members of the following Class:

> **All persons in the United States to whom Defendant has sent any automated commercial text message during the applicable statute of limitations period after designating an exclusive means by which consumers may revoke consent to receive text messages from Defendant.**

17. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment.

18. Specifically excluded from the proposed Class is Defendant, its officers, directors, and employees. Also excluded from the proposed Class is the Court, the Court's immediate family and Court staff.

## FRCP 23(a) Factors

19. **Numerosity.** The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however,

Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

20. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

21. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

22. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

   a) Whether Defendant transmitted commercial text messages to Plaintiff and Class Members;

b) Whether Defendant purported to designate the word "STOP" as the exclusive means by which consumers may revoke consent to receive such messages; and

c) Whether Defendant's conduct constitutes a violation of 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B).

## FRCP 23(b)(2)

23. Defendant has acted on grounds generally applicable to the entire Class, thereby warranting injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A), whereby the above-referenced misconduct would be terminated, which would be appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

24. Relief pursuant to 47 U.S.C. § 227(b)(3)(A) is necessary to prevent further illegal business practices by Defendant. Money damages alone will not afford adequate and complete relief, and the relief sought is necessary to restrain Defendant from continuing to commit its illegal policies.

## FRCP 23(b)(3)

25. **Common Issues Predominate:** As set forth in detail above, common issues of fact and law predominate because all of Plaintiff's TCPA claims are based on a common course of conduct – specifically, whether Defendant has purported to designate the exclusive means by which consumers may withdraw consent to receive text messages from Defendant.

26. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual Class members had the resources to pursue individual

litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

27. Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to TCPA appropriate with respect to the Class as a whole.

## CLAIMS FOR RELIEF

Based on the foregoing allegations, Plaintiff's claims for relief include the following:

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.

28. Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

29. The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

32. Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.

33. Plaintiff hereby incorporates by reference each of the preceding and subsequent paragraphs of this complaint as though fully set forth herein.

34. As noted above, Defendant continued to send text messages to the class after purporting to designate an exclusive means by which consumers could revoke consent to receive such text messages. These acts constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class are entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

37. Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and members of the Class defined herein, prays for judgment and relief as follows:

**On the First Cause of Action**

  A. For certification of the putative Class;

  B. Based on Defendants' negligent violations of the TCPA as set forth herein, an award to Plaintiff and each member of the Class of $500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(B);

  C. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

  D. Reasonable attorneys' fees and costs; and

  E. Such other and further relief as this Court may deem appropriate.

**On the Second Cause of Action**

  F. For certification of the putative Class;

  G. Based on Defendants' knowing and/or willful violations of the TCPA as set forth herein, an award to Plaintiff and each member of the Class of up to $1500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(C);

  H. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

  I. Reasonable attorneys' fees and costs; and

  J. Such other and further relief as this Court may deem appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members hereby demand trial by jury.

Respectfully submitted,
**CLARK LAW FIRM, PC**

By: _____
**MARK W. MORRIS, ESQ.**

Gerald H. Clark, Esq. NJ Bar No.048281997
Mark W. Morris, Esq. NJ Bar No. 118292015
Lazaro Berenguer, Esq.
811 Sixteenth Avenue
Belmar, New Jersey 07719
Phone: (732) 443-0333
Fax (732) 894-9647
Fax: (504) 524-5763

*Attorneys for Plaintiff*

Dated: February 1, 2017